MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
MENGMENG ZHANG (State Bar No. 280411)
DENTONS US LLP
525 Market Street, 26th Floor
San Francisco, CA 94105-2708
Telephone:  (415) 882-5000
Facsimile:   (415) 882-0300
E-mail:      michael.barnes@dentons.com
             sonia.martin@dentons.com
             mengmeng.zhang@dentons.com

Attorneys for Defendant
ALLSTATE NORTHBROOK INDEMNITY
COMPANY, erroneously sued as ALLSTATE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| LATONYA R. FINLEY,<br><br>  Plaintiff,<br><br>  vs.<br><br>ALLSTATE, DOES 1-10,<br><br>  Defendants. | Case No. 3:15-cv-04261-RS<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER REGARDING CONFIDENTIAL DISCOVERY DOCUMENTS PRODUCED** |

By and through their respective attorneys of record, plaintiff Latonya R. Finley, in pro per, and defendant Allstate Northbrook Indemnity Company, erroneously sued as Allstate, collectively referred to as the "Parties," and individually as a "Party," stipulate and agree to the entry of the following Protective Order.

**THE COURT HEREBY ORDERS THAT:**

1. The production of private, confidential and proprietary documents by any Party in response to another Party's discovery requests in this action will take place pursuant to this Protective Order, which shall apply to all such documents (the "Confidential Discovery Documents") regardless of how a Party came or comes into their possession.

2. Confidential Discovery Documents may only be disclosed and/or made available to

the following persons:

    (a)    The Parties or employees of a Party who are assisting counsel in this litigation;

    (b)    Witnesses, other than the Parties, who provide or may provide deposition or trial testimony in the instant action;

    (c)    The attorneys of record for a Party and the current employees of those attorneys or their firms;

    (d)    Any experts or consultants retained by a Party or its counsel of record in good faith in connection with this lawsuit, as well as any experts designated by order of this Court;

    (e)    Outside copy services, interpreters, translators, court reporters/stenographers (other than those employed by the Court), and similar vendors retained by the Parties whose normal job functions require them to have access to the documents; and

    (f)    Court personnel, provided that the requirements of Paragraph 6 below are satisfied.

3.    No Confidential Discovery Documents may be disclosed or made available to any of the persons designated in Paragraphs 2(b) and 2(d) above unless those persons agree, in advance, to be bound by this Protective Order, to use such documents solely for purposes of this action, and not to disclose any such documents to any other person, firm, or concern.  Such persons shall execute an affidavit, in the form attached as Exhibit "A," which is to be kept by counsel and shall be subject to inspection by opposing counsel upon reasonable notice; provided, however, that opposing counsel shall not be entitled to review the affidavits of any persons described in Paragraph 2(d) until after the designation of experts occurs.

4.    Each page of the Confidential Discovery Documents produced by a Party in discovery in this action shall be marked, "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER," which marking shall designate such documents as Confidential Discovery Documents covered by this Protective Order.  If a Party disputes the propriety of such a designation, it shall, after meeting and conferring with counsel for the Party producing the Confidential Discovery

Documents, bring the matter to the attention of the Court within the later of 120 days before the trial in this action or 45 days from their receipt of the document(s) at issue.

5.  A Party may designate as a Confidential Discovery Document (under the terms of the Protective Order) the record of any hearing, deposition, trial, or other proceeding, including any testimony or statements made at the deposition or proceeding and any exhibits or attachments, by either: (1) giving oral notice during the taking of the deposition or the proceeding, or (2) written notice to all counsel of record within forty-five (45) days before the trial in this action, unless the hearing, deposition, trial, or other proceeding at issue is within forty-five (45) days of the trial in this action, in which case the Party may give such notice at trial.  All portions of any such transcripts, exhibits, or attachments shall be marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" before being provided to the Court or other persons or entities.

6.  Before filing or submitting any Confidential Discovery Documents to the Court, Parties must comply with the procedures for sealing documents under Civil Local Rule 79-5.

7.  Any person or entity who receives any Confidential Discovery Documents (or any copies thereof) in connection with this action (a) may not use those Confidential Discovery Documents in any other case, matter, or proceeding; and (b) must return the Confidential Discovery Documents (and any and all copies) to counsel for the Party producing the Confidential Discovery Documents, or destroy the Confidential Discovery Documents (and any and all copies), within sixty (60) days of the conclusion of this action and all appeals.  In the event the person or entity in receipt of Confidential Discovery Documents elects to destroy them, instead of returning them, that person or entity must provide counsel for the Party producing the Confidential Discovery Documents with an affidavit or declaration, under penalty perjury, stating that the Confidential Discovery Documents (and any and all copies) have been destroyed.

8.  All copies of the Confidential Discovery Documents shall be kept and stored in a manner reasonably calculated to preserve their confidentiality.

9.  If a person or party in receipt of a Confidential Discovery Document believes that

1  said document is required by law to be disclosed in a manner inconsistent with this Protective

2  Order, then that person or party shall (a) immediately notify counsel for the Party producing the

3  Confidential Discovery Document, and in no event later than two (2) business days after

4  receiving the request at issue, including by providing counsel for the Party producing the

5  Confidential Discovery Document with a copy of the request; (b) timely serve written objections

6  to the request that expressly reference this Protective Order; and (c) cooperate with any efforts

7  by the Party producing the Confidential Discovery Document to limit, condition, or prevent the

8  disclosure of the Confidential Discovery Document.

9       10.   Producing or receiving Confidential Discovery Documents, or otherwise complying

10  with the terms of this Protective Order, shall not prejudice the rights of the Party producing the

11  Confidential Discovery Documents to object to the production, use, or introduction into

12  evidence of any Confidential Discovery Documents (or any portions) on the grounds of

13  relevance, privilege, the work-product doctrine, or any other grounds other than

14  confidentiality/privacy.

15       11.   If Confidential Discovery Documents subject to a claim of attorney-client privilege,

16  the work product doctrine, privacy rights of third parties, or any other applicable privilege or

17  protection are inadvertently or mistakenly produced, such production shall in no way prejudice

18  or otherwise constitute a waiver of, or estoppel as to, any claim of privilege or protection for

19  those Confidential Discovery Documents, and the Party producing the Confidential Discovery

20  Documents may, within twenty-one (21) days of discovery of such inadvertent or mistaken

21  production, make a written request for the return of those documents.  Within fifteen (15)

22  business days of receipt of such a request, the inadvertently or mistakenly produced Confidential

23  Discovery Documents, as well as all copies and all documents, materials, or information

24  reflecting the contents of such Confidential Discovery Documents, shall be returned to the Party

25  producing the Confidential Discovery Documents, and no Party shall make any use of those

26  documents.  If a receiving party objects to the return of the documents within the fifteen (15)

27  business day period described above, the receiving party may, within forty-five (45) days after

28  the service of said objection, file a motion with the Court for an order compelling their

1 | production.

2 |     12.  Notwithstanding the foregoing, this Protective Order does not restrict the right of the Party producing the Confidential Discovery Documents to make such use or disclosure of those documents as it otherwise is entitled to make. In addition, the Party producing the Confidential Discovery Documents does not waive the classification of its own material/information as confidential if such Party discloses such information to non-parties for any reason.

    13.  Violations of this Protective Order shall be punishable to the extent and in the manners permitted by applicable law.

**SO STIPULATED.**

Dated: March 22, 2016

PLAINTIFF IN PRO PER

By: _____
LATONYA R. FINLEY  ucc 1-308

Plaintiff In Pro Per

Dated: March 22, 2016

DENTONS US LLP

By: _____
SONIA MARTIN

Attorneys for Attorneys for Defendant
ALLSTATE NORTHBROOK INDEMNITY
COMPANY, erroneously sued as ALLSTATE

**IT IS SO ORDERED.**

Dated: 3/23/16

_____
HON. RICHARD G. SEEBORG
United States District Judge

**EXHIBIT A - DECLARATION**

I, _____, hereby declare:

1. My address is _____.
2. I am presently employed by _____, whose business address is _____.
3. My present occupation or job description is _____.
4. I am involved with this case in the capacity of a _____ retained by or affiliated with _____ (name of party, if applicable).
5. I have been given a copy of the Protective Order in this case signed by a Honorable Richard G. Seeborg on _____.
6. I have carefully read and understand the provisions of the Protective Order.
7. I will comply with all of the provisions of the Protective Order.
8. I will hold in confidence any and all Confidential Discovery Documents, as well as any and all words, summaries, abstracts, or indices of Confidential Discovery Documents, that are disclosed to me, and I will not disclose any of them to anyone who is not qualified to receive them under the terms of the Protective Order.
9. I will return all Confidential Discovery Documents that come into my possession, and any and all documents or things that I have prepared relating to those Confidential Discovery Documents, to the party from whom I received them.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on _____, 201\_, at _____, _____ (city, state).

Signed: _____